UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

25-CR-20154-WILLIAMS/GOODMAN

Case No. _____

18 U.S.C. § 670
18 U.S.C. § 982(a)(1)(C)
21 U.S.C. § 853(p)

UNITED STATES OF AMERICA

vs.

BORIS ARENCIBIA and
JOSE ARMANDO RIVERA,

Defendants.
_____/

FILED BY ___BM___ D.C.
Apr 4, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The U.S. Food and Drug Administration ("FDA") was the federal agency responsible for protecting the health and safety of the American public by, among other things, regulating the distribution and sale of prescription drugs and enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), Title 21, United States Code, Sections 301 *et seq.* One of the purposes of the FDCA was to ensure that drugs sold for use by humans were safe, effective, and bore labeling containing only true and accurate information.

2. Federal law, including Title 21, United States Code, Section 360eee-1, generally required that prescription drugs sold in the United States by or to wholesale distributors be accompanied by product tracing information, which consisted of transaction information, transaction history, and a transaction statement. The product tracing information identified, among other things, the product, the quantity, the lot number, strength and dosage, the date of each sale,

and the parties to each transaction. Such product tracing information was commonly referred to in the industry as "T3s" or "pedigrees."

3. Under the FDCA, "drugs" were defined as, among other things, articles intended for use in the cure, mitigation, treatment, or prevention of disease, pursuant to Title 21, United States Code, Section 321(g)(1)(B). A "prescription drug" was any drug intended for use in humans that, because of its toxicity or potential for harmful effect, the method of its use, or the collateral measures necessary for its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug, or was limited by an approved application under Title 21, United States Code, Section 355 to use under the professional supervision of a practitioner licensed by law to administer such drug, pursuant to Title 21, United States Code, Section 353(b)(1).

4. The introduction or delivery for introduction, or the causing thereof, into interstate commerce of any drug that was adulterated or misbranded was a violation of federal law, pursuant to Title 21, United States Code, Section 331(a).

5. A drug was adulterated if, among other things, any substance had been substituted in whole or in part for the drug, pursuant to Title 21, United States Code, Section 351(d).

6. A drug was misbranded if, among other things, its labeling was false or misleading in any particular, pursuant to Title 21, United States Code, Section 352(a)(1). A "label" was written, printed, or graphic matter upon the immediate container of the drug, while "labeling" was a broader term that included all labels and other written, printed, or graphic matter upon the drug or any of its containers or wrappers, or that accompanied the drug, pursuant to Title 21, United States Code, Sections 321(k) and (m).

### Prescription Drug Diversion

7. The term "prescription drug diversion" referred to the various ways in which prescription drugs were removed from regulated distribution channels and subsequently

reintroduced into the wholesale marketplace. Common methods of prescription drug diversion included, but were not limited to, acquiring the drugs illegally through fraud or from individual patients for whom the prescription drugs had been prescribed and dispensed but intentionally not consumed. These diverted drugs were then reintroduced into the marketplace with false documentation concealing their true source and eventually resold to individual consumers by pharmacies, which also typically billed the drugs to "health care benefit programs," as defined by Title 18, United States Code, Section 24(b). Once diverted from the regulated distribution channel, it became difficult for regulators and consumers to know whether a prescription drug was altered, stored in improper conditions, had its potency adversely affected, or was otherwise harmful.

### The Defendants and Related Entities and Individuals

8. Eclipse Meds, LLC ("ECLIPSE") was a limited liability company organized under the laws of the State of Texas with a business address of 2800 Shamrock Avenue, Ste F, Fort Worth, Texas. ECLIPSE purported to provide legitimate prescription drugs, including expensive human immunodeficiency virus ("HIV") medication, to wholesale distributors of pharmaceutical products.

9. Defendant BORIS ARENCIBIA was a resident of Miami, Florida, and one of the beneficial owners and operators of ECLIPSE.

10. Defendant JOSE ARMANDO RIVERA was a resident of Miami, Florida, and one of the beneficial owners and operators of ECLIPSE.

11. Individual 1 was a resident of Costa Rica.

12. Individual 2 was a resident of Miami, Florida, and Fort Worth, Texas, and an operator of ECLIPSE.

13. Individual 3, a resident of Miami-Dade County, Florida, and Fort Worth, Texas, was a listed owner, operator, and agent of ECLIPSE.

## COUNT 1
## Conspiracy to Traffic in Pre-Retail Medical Products with False Documentation
## (18 U.S.C. § 670)

From in or around March 2022, and continuing through in or around at least December 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BORIS ARENCIBIA and
JOSE ARMANDO RIVERA,**

both agents of an organization in the supply chain for pre-retail medical products, did knowingly and willfully combine, conspire, confederate, and agree with each other, and with Individual 1, Individual 2, Individual 3 and others, known and unknown to the United States Attorney, to knowingly and falsely make, alter, forge, and counterfeit the labeling and documentation of pre-retail medical products, and to knowingly possess, transport, and traffic in pre-retail medical products involving false, altered, forged, and counterfeited labeling and documentation, in and using a means and facility of interstate commerce, in violation of Title 18, United States Code, Sections 670(a)(2) and (3).

It is further alleged that the value of the medical products involved in the offense was $5,000 or greater.

All in violation of Title 18, United States Code, Sections 670(a)(6), (b)(1), and (c)(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **BORIS ARENCIBIA and JOSE ARMANDO RIVERA**, have an interest.

2. Upon conviction of a violation Title 18, United States Code, Section 670, as alleged in this Information, the defendants shall forfeit to the United States any property, real or personal,

which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $21,540,489, which represents the total amount of funds involved in or derived from the alleged offense and may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

LORINDA LARYEA, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

JACQUELINE Z. DEROVANESIAN
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO.: 25-CR-20154-WILLIAMS/GOODMAN |
|---|---|

v.

BORIS ARENCIBIA and
JOSE ARMANDO RIVERA,
_____/
                    Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
☑ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I  ☑ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V  ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge See Attachment   Case No. See Attachment
9. Defendant(s) in federal custody as of Boris Arencibia since 1/26/2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
JACQUELINE DEROVANESIAN
DOJ Trial Attorney
FL Bar No.       125662

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20154-WILLIAMS/GOODMAN

UNITED STATES OF AMERICA

v.

BORIS ARENCIBIA and
JOSE ARMANDO RIVERA,
   Defendants.
_____/

CERTIFICATE OF TRIAL ATTORNEY
ATTACHMENT

8.   Does this case relate to a previously filed matter in this District Court? Yes

   19-CR-20674-GAYLES

   24-CR-20045-ALTMAN

   24-CR-20108-MOORE

   24-CR-20254-MOORE


By: _____
JACQUELINE DEROVANESIAN
DOJ Trial Attorney
FL Bar No. 125662

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: _____ **BORIS ARENCIBIA** _____

**Case No**: _____

Count #: 1

Title 18, United States Code, Section 670

Conspiracy to Traffic in Pre-Retail Medical Products with False Documentation

* **Max. Term of Imprisonment:**   20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**   Three times the economic loss attributable to the violation or $1 million

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:    **JOSE ARMANDO RIVERA**

**Case No**:

Count #: 1

Title 18, United States Code, Section 670

Conspiracy to Traffic in Pre-Retail Medical Products with False Documentation
* Max. Term of Imprisonment:   20 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   Three times the economic loss attributable to the violation or $1 million

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **25-CR-20154-WILLIAMS/GOODMAN** |
| ) | |
| Boris Arencibia, ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**FRANK QUINTERO, ESQ.**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **25-CR-20154-WILLIAMS/GOODMAN** |
| ) | |
| JOSE ARMANDO RIVERA, ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

MICHAEL BAND, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*